IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:13-CV-75-RLV

| | |
|---|---|
| **JOHNNY DEVON IKARD,** )<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**INTERSTATE FOAM & SOLUTIONS,** )<br>Defendant. )<br>_____ ) | **Memorandum & Order** |

**THIS MATTER** is before the court on a Motion to Dismiss by Defendant Interstate Foam & Solutions[1], filed August 12, 2013. (Docs. 8, 9). Plaintiff Johnny Devon Ikard ("Ikard"), acting *pro se*, stated his opposition to the Defendant's motion in narrative form in a document filed October 3, 2013.[2] (Doc. 10). Defendant replied on October 18, 2013. (Doc. 11). This matter is ripe for disposition.

**I.**

Plaintiff Ikard's employment was terminated by Interstate Foam & Supply, Inc. ("Interstate"), on April 19, 2012. (Pl.'s Compl., 2–3).

Approximately nine months later, on January 8, 2013, Ikard filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*.

---

[1] Defendant's Memorandum of Law represents that "Interstate Foam & Solutions" is an improperly named defendant because the actual entity that formerly employed Plaintiff Ikard was "Interstate Foam & Supply, Inc. ("IFS")." (Def.'s Mem. In Supp., 1 n. 1). Plaintiff identified his employer as "Interstate Foam & Supply, Inc." on the EEOC complaint. (Def.'s Exh. 1).

[2] Understandably, Defendant takes issue with the fact that Plaintiff's response was filed approximately five weeks after it was due. Because Ikard is not represented by counsel, the Court will nonetheless consider the factual assertions in his filing, particularly to evaluate whether Plaintiff's allegations provide any insight regarding any basis for equitable tolling.

(Def.'s Exh. 1 / EEOC Charge No. 430-2013-00666).

Plaintiff Ikard commenced litigation in this Court on May 10, 2013, with the filing of his civil standardized form Complaint. (Pl.'s Compl.). In his Complaint, Ikard alleges that he was discriminated against because Interstate discovered that Ikard is Islamic. (Pl.'s Compl., § D, ¶ 1). More specifically, Ikard contends that 1) he was questioned by Interstate's Human Resources Officials about his religion and terminated one week later; and 2) he was written up by Interstate for cell phone use during the work day while co-workers were not. *Id*.

Ikard asserts that he filed charges with the EEOC regarding the alleged discriminatory conduct on October 18, 2012 and that the EEOC sent Ikard his "Notice of Right to Sue" on February 12, 2013.[3] (Pl.'s Compl., § C, ¶¶ 3, 4).

According to Defendant, Ikard didn't file a "perfected" EEOC charge until February 5, 2013.[4] (Def.'s Mem. In Supp., 3). The original "Notice of Charge of Discrimination" sent to Defendant explains that a "perfected charge (EEOC Form 5) will be mailed to you[Interstate] once it has been received from the Charging Party."[5] (Def.'s Mem. In Supp. / Exh. 1) The EEOC Notice, which did not enclose a copy of an EEOC Charge submitted by Ikard, advised Defendant that "[n]o action is required by you[Interstate] at this time." *Id*. In a second "Notice of Charge of Discrimination" dated February 8, 2013, and issued to Defendant Interstate, the EEOC enclosed a copy of Ikard's actual EEOC Charge, which includes a handwritten date of

---

[3] Ikard's EEOC charge marked the box labeled "Religion" in the form's section requiring information concerning the circumstances of alleged discrimination.

[4] To clarify, use of the term "perfected" to describe an EEOC Charge apparently refers to a completed EEOC Form 5 or "Charge of Discrimination" setting out a claimant's specific factual bases for the alleged discrimination.

[5] The undersigned is unable quite to make out the date stamped on Defendant's Exhibit 1. Presumably, this first Notice to Defendant issued by the EEOC was dated January 8, 2013, which is consistent with Defendant's contention that Ikard first made his claim known to the EEOC / or first filed his EEOC Charge on January 8, 2013. (Def.'s Mem. In Supp., at 1 / Exh. 1).

February 5, 2013. (Def.'s Mem. In Supp. / Exh. 2) Ikard's EEOC Charge marked the box labeled "Religion" in the form's section requiring information concerning the circumstances of alleged discrimination. *Id.* In the EEOC Charge, Ikard states that Defendant "gave [him] a reason for [his] discharge, they said that it was due to poor work performance, but that was a bogus excuse for the real reason." (Def.'s Mem. In Supp. / Exh. 2). Plaintiff Ikard's EEO C Charge represents that the earliest and latest date of any alleged discrimination was April 19, 2012, the date Interstate terminated Ikard's employment. (Def.'s Mem. In Supp., 1).

On February 12, 2013, the EEOC issued a "Dismissal and Notice of Rights" stating that, "[y]our charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." (Def.'s Mem. In Supp. / Exh. 3) The Dismissal and Notice of Rights form provides a summary of the requirement that a claimant file any lawsuit within 90 days of receipt of this Notice. *Id.*

Defendant's Rule 12(b)(6) motion is ripe for disposition.

**II.**

A motion filed pursuant to 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint. *Jordan v. Alternatives Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006); *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). While a complaint need not contain detailed factual allegations, the courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (applying Rule 8). Specifically, plaintiffs may proceed into the litigation process "only when their complaints are justified by both law and fact." *Francis*, 588 F.3d at 193. To be justified by fact, courts must not overlook "conclusory, unwarranted deductions of fact, or unreasonable inferences," nor must the court "accept as true allegations

that contradict matters properly subject to judicial notice or by exhibit." *Veney v. Wyche*, 293 F.3d 726 (4th Cir. 2002).

"Federal Rules of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The decisive standard is that the combined allegations, taken as true[6], must state a "plausible," not merely conceivable, case for relief. *Sepúlveda–Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 29 (1st Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (citations omitted)). To have facial plausibility—a standard that lies between the outer boundaries of a probability requirement and the mere possibility of unlawful conduct—the pleading must contain factual content that permits the court, using its "judicial experience and common sense," reasonably to infer the defendant's liability. *Id.*

When ruling on a Rule 12(b)(6) motion, the Court accepts "as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff. *Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). A court evaluates the complaint in its entirety, as well as "documents attached to or incorporated into the complaint." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (stating that "a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document "was integral to and explicitly relied on in the complaint" and there was no

---

[6] The Fourth Court has recognized that a "dismissal pursuant to a Rule 12(b)(6) motion is inappropriate unless, *accepting as true the well-pleaded facts* in the complaint and viewing them in the *light most favorable to the plaintiff*, it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Brooks v. City of Winston-Salem,* 85 F.3d 178, 181 (4th Cir. 1996) (quoting *Mylan Lab., Inc. v. Matkari,* 7 F.3d 1130, 1134 & n. 4 (4th Cir. 1993)) (emphasis added).

authenticity challenge).[7]

### III.

Defendant seeks dismissal of Plaintiff's Complaint based upon Plaintiff's alleged failure to exhaust administrative remedies, namely, failure to file a charge of discrimination with the EEOC within the prescribed statutory period.

Under Title VII, a plaintiff must file an EEOC Charge within 180 days of the challenged adverse employment action. 42 U.S.C. § 2000e-5(e).[8]

In this case, the adverse employment action was the termination of Ikard's employment on April 19, 2012. (Def.'s Exh. 2). As a result, Plaintiff was required to file his EEOC Charge by mid-October 2012. According to Defendant, Plaintiff's EEOC Charge was submitted February 5, 2013 – well over a hundred days beyond the 180-day deadline.

Plaintiff Ikard concedes that he did not timely pursue his EEOC Charge. Ikard contends that his former attorney, Attorney Bill Morgan, insisted on delaying the EEOC process to try to negotiate a settlement with Ikard's former employer. (Pl.'s Opp'n, 1–2). Following unsuccessful negotiations, counsel told Ikard to submit an EEOC Charge. (Pl.'s Opp'n, 1). The EEOC subsequently advised Ikard that he was "already 4 days passed[sic] [his] limit." *Id.* Ikard reports:

---

[7] The district court cannot go beyond these integral documents on a Rule 12(b)(6) challenge without converting the motion into a motion for summary judgment. Fed. R. Civ. P. 12(b), (d), 56. In employment discrimination cases, the underlying EEOC documents are ordinarily considered integral.

[8] Title 42, United States Code, Section 2000e-5(e) provides in part:

(1) A charge under this section ***shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred*** and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter . . . .

42 U.S.C. § 2000e-5(e)(2009) (emphasis added).

> So before I throw the towel in on this case I took it upon myself to take this case to another level. So I went personally to the EEOC myself and explained to them my situation and they told me that just because I missed my date don't mean that my case is done, it just means that they can't go in and investigate Interstate Foam but I could still sue them. They sent me a questionaire[sic] form to fill out to see if it was worthy of them sending me my Right to Sue letter. So I did and they sent me my Right to Sue letter and in the letter it told me that I had 90 days to file my lawsuit with the Federal Court.

(Pl.'s Opp'n, 1–2). According to Ikard, his former attorney advised him immediately prior to expiration of the 90-day commencement of litigation period that he was withdrawing from the case.[9] (Pl.'s Opp'n, 2–3). In effect, Ikard asks the Court not to penalize Ikard by dismissing his claim when he relied on counsel's advice to delay bringing this matter to the attention of the EEOC. Ikard provides no legal authority in support of his request.

Plaintiff Ikard seeks relief that is unavailable to him absent extraordinary circumstances justifying the equitable remedy of tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.") "Federal courts have typically extended equitable relief only sparingly. [The Supreme Court has] allowed equitable tolling in situations where the

---

[9] Subsection 2000e(f)(1) governs the time frame for the commencement of a civil action pursuant to Title VII and provides in pertinent part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, . . . or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . ., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and **within ninety days after the giving of such notice a civil action may be brought** against the respondent named in the charge (A) by the person claiming to be aggrieved . . . ."

42 U.S.C. § 2000e-5(e)(2009)(emphasis added).

claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)). "[A]ny resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330–31 (4th Cir. 2000) ("invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes").

"Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for [a] particular litigant[]." *Lenhart v. Gen. Elec. Co.*, 140 F.Supp.2d 582, 590 (W.D.N.C. 2001) (internal citations omitted). Indeed, the Fourth Circuit has rejected application of equitable tolling more often than not. *See e.g.*, *Gayle v. United Parcel Serv.*, 401 F.3d 222, 227 (4th Cir. 2005) (no equitable tolling where claimant failed to exhaust administrative remedies under ERISA welfare benefit plan); *Harris*, 209 F.3d at 330–31 (equitable tolling not warranted to excuse petitioner from statutory one-year § 2244(d) habeas filing period); *Chao v. Virginia Dep't of Trans.*, 291 F.3d 276, 283–84 (4th Cir. 2002) (Secretary of Labor not entitled to equitable tolling of statute of limitations after relying on existing state of the law in electing not to intervene). It is well established in the Fourth Circuit that "[t]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Gayle*, 401 F.3d at 227 (quoting *Irwin*, 498 U.S. at 96).

The *Tuberville v. Stanly County Economic Development Com'n* case cited by Defendant Interstate is instructive.[10] 2006 WL 1540647 (M.D.N.C. May 30, 2006) ("It is the court's duty to strictly uphold the time limitations set forth by Congress and to apply equitable tolling only "sparingly.""). In *Tuberville*, a Title VII plaintiff who admittedly filed an untimely lawsuit – beyond the statutory ninety day period provided for in § 2000e(f)(1) – raised the question of reliance on his prior attorney's strategy and / or attorney negligence. The court explained:

> The Fourth Circuit and the United States Supreme Court have soundly rejected the argument Plaintiff makes here, stating:
>
> > The attorney's negligence alone caused her appeal to become untimely. [Plaintiff's] argument boils down to a request that we relieve her of her counsel's negligent failure to observe required procedure. However, the Supreme Court and our own case law have already rejected such a distinction between the conduct of attorneys and their clients. Indeed, the Supreme Court has held that there is "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent...." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). *See also In re Walters*, 868 F.2d 665, 668-69 (4th Cir.1989) (applying *Link*).

*Tuberville*, 2006 WL 1540647, * 3 (quoting *Gayle*, 401 F.3d at 226-27); *see also Dimetry v. Dep't of U.S. Army*, 637 F.Supp. 269, 271 (E.D.N.C.1985) ("[E]quitable tolling is not appropriate where the failure to timely file was allegedly caused by the plaintiff's reliance on the advice of counsel."). The court stated that "[p]ermitting questionable strategic decisions to trump statutory time limitations would set dangerous precedents and likely disrupt the efficient administration of

---

[10] The Court notes that the unpublished opinion attached in support of Defendant's motion, *Lebyed v. DTG Operations, Inc.*, is described by counsel in the parenthetical following the citation as holding that the Plaintiff's religious discrimination claim is barred given Plaintiff's failure to meet the 180-day deadline for submitting an EEOC Charge. 2010 WL 1332458, *1–2 (E.D.N.C. April 6, 2010). However, the Court actually found that the religious discrimination claim had not been included in the EEOC Charge as an alleged basis for discrimination while Plaintiff's claims based upon race and national origin had been properly exhausted. Timeliness of the EEOC Charge was not at issue in the *Lebyed* case.

justice. This case presents either a difference in opinion about strategy or, at worst, "garden variety" attorney neglect. Neither situation warrants the application of equitable tolling." *Id*. (citing *Irwin*, 498 U.S. at 96.)

Similarly, at best, the facts here establish either a difference in opinion (and failed strategy) or "garden variety" attorney neglect. Plaintiff Ikard agreed to delay the administrative exhaustion process in favor of permitting his chosen legal counsel to seek an out-of-court settlement. Although this strategy ultimately proved to be unsuccessful, counsel might have achieved a different result and obtained relief satisfactory to Plaintiff. Hindsight and its benefits is not the appropriate measure. *See Chao*, 291 F.3d at 284 (criticizing Secretary of Labor for seeking equitable tolling despite being aware of the risks; secretary "now seeks to avoid the then-known potential consequences of [] actions"). The facts recited by Ikard might also support an attorney neglect claim.[11] As told by Ikard, to Plaintiff Ikard's detriment, his former attorney was not responsive during critical limitations periods. However, the weight of authority does not deem even excusable attorney neglect a sufficient basis to trump statutory time limitations. *See Gayle*, 401 F.3d at 227 (citing *Irwin*, 498 U.S. at 96.).

Ikard's own diligence, or lack thereof, is also relevant.[12] *See Irwin*, 498 U.S. at 457–58 ("We have been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.") (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)). By going to the EEOC personally, Ikard demonstrated his commitment to his cause. However, Ikard's persistent action cuts both ways in that it shows that

---

[11] Ikard indicates that he is "in negotiation with Angel Law Firm to picking[sic] [his] case up but we are gonna wait to hear from the court[']s response before [Ikard] pay[s] money to retain them." (Pl.'s Opp'n, 3).

[12] On this issue, the Court questions why Mr. Morgan didn't submit the actual EEOC on Ikard's behalf if Ikard had, in fact, retained Mr. Morgan as alleged.

Ikard was also capable of insisting to counsel that his EEOC Charge be timely filed regardless of counsel's view on the matter.

Regardless, Plaintiff Ikard does not present extraordinary circumstances warranting equitable tolling of the 180-day filing period.

**IV.**

For the reasons set forth herein, Plaintiff's Complaint must be dismissed in its entirety for failure to exhaust administrative remedies / satisfy Title VII's procedural prerequisites.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss is hereby **GRANTED**. Plaintiff's Title VII claim is <u>dismissed</u>.

Signed: September 8, 2014

*[Signature]*

Richard L. Voorhees
United States District Judge